UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:99-cr-00062-SEB-TAB |
| | ) | |
| KENNETH WILSON, | ) -01 | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| KENNETH WILSON, | ) | |
| | ) | |
| Interested Party. | ) | |

**Order Denying Motion for Transfer to Home Confinement**

Defendant Kenneth Wilson has filed a motion asking the Court to make a recommendation to the Bureau of Prisons ("BOP") for Mr. Wilson to be released to home confinement. Dkt. 77.

In January 2000, the Court sentenced Mr. Wilson to 336 months' imprisonment after he was convicted of using a firearm during and in relation to committing a crime of violence—armed bank robbery—in violation of 18 U.S.C. § 924(c). He is currently incarcerated at Oakdale I Federal Correctional Institution ("Oakdale"). The BOP website states that Mr. Wilson is 40 years old and is expected to be released on October 23, 2024. In his motion, he asks to be released to home confinement because of the COVID-19 pandemic.

Federal courts are limited in their ability to alter criminal sentences. Under 18 U.S.C. § 3582(c), a court "may not modify a term of imprisonment once it has been imposed" except in the circumstances set forth in that section. Mr. Wilson does not contend that a sentencing guideline warrants a reduction, as required for relief under 18 U.S.C. § 3582(c)(2). And he is not eligible for relief under § 3582(c)(1)(A)(ii), which requires, among other things, that a defendant be at least

70 years of age, that he has served at least 30 years in prison on a mandatory life sentence, and that the BOP has determined that he is not a danger to the safety of any other person or the community.

To the extent that Mr. Wilson seeks a sentence reduction for "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i), the motion must still be denied but without prejudice. Under that section, a defendant may only file a motion for sentence reduction with a district court after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This district court cannot entertain a motion under § 3582(c)(1)(A)(i) unless a defendant has exhausted his administrative remedies—even in the face of the COVID-19 pandemic. Although Mr. Wilson states that he has exhausted his administrative remedies, dkt. 77 at p. 4, the exhibits submitted with his motion show that his request was delivered to Oakdale on May 29, 2020, *see* dkt. 77-1 at p. 9, the same day Mr. Wilson signed his current motion, dkt. 77 at p. 7. It is therefore unclear what action prison officials at Oakdale have taken on Mr. Wilson's request, if any, and thirty days have not lapsed since Mr. Wilson submitted his request. In addition, the existence of COVID-19, on its own, is not an extraordinary and compelling reason for immediate release.

Thus, the only portion of § 3582 potentially applicable here is § 3582(c)(1)(B), which provides that a court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Mr. Wilson may be understood to base his request on the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). But the CARES Act is

not a statute that "expressly permits" a court to modify an already-imposed sentence. Instead, the CARES Act provides:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of [18 U.S.C. § 3624(c)(2)], as the Director deems appropriate.

134 Stat. at 516 (CARES Act § 12003(b)(2)). That is, the CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons, but not the courts. Accordingly, this Court lacks the authority to modify Mr. Wilson's sentence, and his request for a transfer to home confinement, dkt. [77], must be **denied**.

To the extent Mr. Wilson is asking this Court to recommend that the warden at Oakdale grant his request for home confinement, that request is also denied at this time. Mr. Wilson was convicted of using a firearm during and in furtherance of a crime of violence. Although Mr. Wilson has served a significant portion of his sentence and has high blood pressure, he admits that it has been only "approximately 24 months" since his last disciplinary infraction. Dkt. 77 at p. 6. Under these circumstances, the Court shall leave any decision concerning home confinement to the discretion of the warden.

**IT IS SO ORDERED.**

Date: 6/8/2020

_SARAH EVANS BARKER, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

Kenneth Wilson, #28588-018
FCI Oakdale I
Federal Correctional Institution
P.O. Box 5000
Oakdale, LA 71463

All electronically registered counsel